## Berlo Vending Company v. Sealright Company, Inc., et al., etc.

*Arlin M. Adams* and *Earl G. Harrison*, for plaintiff.

*Ned Stein, Aaron Small* and *J. B. H. Carter*, for defendants.

FLOOD, J., March 22, 1954.—The complaint in this case, based upon a breach of warranty, was brought in the alternative against defendant Sealright Company, Inc., as manufacturer of the paper cups purchased, and defendants Soiffer and Small as partners, trading as Spartan Paper and Supply Co., as selling agent for Sealright. Spartan filed an answer which included as new matter an averment that any liability which might exist in the matter rests solely upon the other defendant and asks that in the event a verdict should be rendered in favor of plaintiff against the partnership a similar verdict should be rendered in favor of the partnership against Sealright for any damages found due to plaintiff.

Preliminary objections have been filed to the new matter by defendant Sealright upon the ground that such new matter is not authorized by the Procedural Rules.

At first blush it would seem that the objections should be sustained since nothing in the rules specifically authorizes new matter directed against a codefendant. However, this would compel the circuity of action which the rules try so hard to avoid. If the partnership had been sued alone there would be no question of its right to bring in Sealright Company, Inc., as an additional defendant under Pa. R. C. P. 2252 and litigate the issue sought to be raised by the new matter here along with the main action.

It would be unfortunate if such a relatively simple matter should require a second suit for its disposition merely because plaintiff joined Sealright and the partnership as defendants originally. We do not feel that we are compelled to adopt this position. Rule 2231 (d), governing practice where parties are joined permissively, as here, points unwaveringly in the opposite direction. It reads:

"Except as otherwise provided by these rules, the joinder of parties in any action shall not affect the procedural rights which each party would have if suing or sued separately, and the verdicts and judgments entered therein shall be joint, several or separate according to the nature of the right or liability therein determined."

If we sustained the objections here, joinder of two defendants in this action would deprive defendant partnership of the right to litigate the issue between it and Sealright in the action, which it would have had under Pa. R. C. P. 2252 if it had been sued separately. This is a procedural right. Pa. R. C. P. 2231 (d) says that joinder shall not affect a party's procedural rights. The only way in which defendants' procedural rights can be preserved here it to allow it to ask for a verdict over against Sealright if it appears that Sealright's liability is primary while the partnership's is secondary, or if it appears for any other reason that there

is a right over against Sealright as to any verdict against the partnership. It appears to us that raising the issue in new matter is a simple and proper method to accomplish what Pa. R. C. P. 2231 (*d*) allows.

Since no notice to file a reply to the new matter directed to defendant Sealright Company, Inc., has been endorsed upon the partnership's answer, this matter is at issue without the necessity of any reply by Sealright, although it may, of course, file a reply to its co-defendant's new matter within 20 days if it desires to do so.

The preliminary objections are dismissed.